# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# BENTON DIVISION

| | | |
|---|---|---|
| JOEY LEE CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 17-886 |
| | ) | |
| TOM JORDAN, in his individual capacity; | ) | |
| TARA CHAMBERS, in her individual capacity; | ) | JURY TRIAL DEMANDED |
| ED HAMMONDS, in his individual capacity; | ) | |
| and the CITY OF WEST FRANKFORT, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, JOEY LEE CRAWFORD, by and through his attorney, Scott B. Sievers of the law firm of Scott B. Sievers, P.C., and for his Complaint And Demand for Jury Trial against Defendants TOM JORDAN, TARA CHAMBERS, ED HAMMONDS, and CITY OF WEST FRANKFORT states the following:

**I.   THE PARTIES**

A.   Plaintiff JOEY LEE CRAWFORD is a natural person domiciled in, and a citizen of, the State of Illinois. He resides in the City of West Frankfort, Illinois.

B.   TOM JORDAN is the mayor of the City of West Frankfort, Franklin County, Illinois. Defendant Jordan is a natural person domiciled in, and a citizen of, the State of Illinois. Defendant Jordan resides in the City of West Frankfort, Franklin County, Illinois.

In the course of his conduct as set forth below, Defendant Jordan acted under color of law. Defendant Jordan is named in his individual capacity.

C.   TARA CHAMBERS is the Streets Commissioner for the City of West Frankfort, Franklin County, Illinois. Defendant Chambers is a natural person domiciled

in, and a citizen of, the State of Illinois. Defendant Chambers resides in the City of West Frankfort, Franklin County, Illinois.

In the course of her conduct as set forth below, Defendant Chambers acted under color of law. Defendant Chambers is named in her individual capacity.

D. ED HAMMONDS is the Codes Inspector for the City of West Frankfort, Franklin County, Illinois. Defendant Hammonds is a natural person domiciled in, and a citizen of, the State of Illinois. Defendant Hammonds resides in the City of West Frankfort, Franklin County, Illinois.

In the course of his conduct as set forth below, Defendant Hammonds acted under color of law. Defendant Hammonds is named in his individual capacity.

E. Defendant City of West Frankfort is a home-rule municipality operating under a mayor and commissioner form of government in Franklin County, Illinois. It is governed by a mayor and four commissioners, with department heads and staff appointed by the mayor with the consent of the commissioners.

## II. JURISDICTION AND VENUE

A. Jurisdiction in this case is based upon the existence of a federal question.

1. This action arises under the Constitution and laws of the United States; specifically, the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988.

2. Jurisdiction is based upon 28 U.S.C. § 1331, as this civil action arises under the Constitution and the laws of the United States; upon 28 U.S.C. § 1343(a)(3), as it seeks to redress the deprivation, under color of State law, statute, ordinance, regulation, custom or usage, of a right secured by the Constitution of the United States; and upon 42 U.S.C.

§ 1983, as it seeks to hold liable persons who, under color of State statute, ordinance, regulation, custom, or usage, subjected or caused to be subjected a United States citizen to the deprivation of rights secured by the Constitution.

3. The Plaintiff seeks recovery of his costs in bringing this action, including his attorney's fees, pursuant to 42 U.S.C. § 1988.

B. The claims made in this action arose within this judicial district. This action is filed in the Benton Division, as the Plaintiff and Defendants reside or are headquartered in, and the conduct giving rise to this action occurred in, Franklin County, Illinois.

### III. FACTS IN SUPPORT OF CLAIM

#### A. FORMATION OF PLAINTIFF'S BUSINESS

1. In 2015, American Coal announced that it would be laying off employees at its coal mine in Galatia, Illinois. One of its employees was Plaintiff Joey Lee Crawford.

2. In an effort to find a more stable source of income than coal mining, Crawford decided that year to start his own business. An avid outdoorsman who grew up on a farm, Crawford saw an opportunity to sell sporting goods as well as utility and cargo trailers at retail in West Frankfort, Illinois.

3. Crawford began taking steps toward opening his business.

4. Crawford named his business Haulin' Azz Trailers.

5. In May or June 2015, Crawford met with Angela Baker, the West Franklin City Clerk. Crawford inquired about the need to register his business with the city. Baker informed him that there was no requirement at the time for a business to register with the city, but there would be such a requirement as of July 2015. During their meeting, Baker offered to collect the requisite information about Crawford's business during their

meeting rather than make Crawford return with the information after the registration requirement came into effect in July. Crawford provided Baker with information concerning his business, including that it was named Haulin' Azz Trailers. Baker asked no questions and made no comments to Crawford about the name of his business.

6. Crawford continued his efforts to start his business, investing tens of thousands of dollars in the venture.

7. Crawford spent approximately $1,000 to obtain a license through the Illinois Secretary of State's office to operate a trailer dealership. Defendant Ed Hammonds, the City of West Frankfort Codes Inspector, signed paperwork in support of the license application, which identified the name of Crawford's business. The Illinois Secretary of State had no objection to the business's name, and it issued a trailer dealership license to Crawford doing business as Haulin' Azz Trailers.

8. After an extensive search for a suitable building to house his business at a good location and at the right price, Crawford entered into a five-year lease for a property at 1104 West Main Street in West Frankfort, Illinois. The location provided adequate parking and space for Crawford's business, including for displaying an inventory of trailers. The location was visible from Interstate 57, which passes alongside or through West Frankfort.

9. To advertise his new business, Crawford purchased approximately $90 in lumber to construct a sign and paid his brother-in-law $400 to paint both its sides.

10. Haulin' Azz Trailers opened for business to the public in August 2015.

### B. DEFENDANTS' ACTIONS ON PLAINTIFF'S BUSINESS SIGN

1. At some time after the business opened, Defendant Hammonds telephoned Crawford. Hammonds had noticed Crawford's sign, and Hammonds informed Crawford that he needed a City permit for the sign.

2. On or about Tuesday, August 18, 2015, Crawford met with Defendant Hammonds at West Frankfort city offices concerning a sign permit. Crawford provided Hammonds with information concerning his business and the sign, including that the sign would state the name of his business as Haulin' Azz Trailers. Hammonds asked Crawford about the sign and business, and filled out much of the permit application for Crawford. Crawford attempted to provide Hammonds with a check for the seventy-five dollar ($75.00) permit application fee, but Hammonds would not accept it. Instead, he directed Crawford to wait until the City of West Frankfort approved the application before paying the fee. During the course of their meeting, Hammonds expressed to Crawford that Hammonds was a duck hunter and might purchase some sportings goods from Crawford's business and might want to rent a trailer. Hammonds made no comments to Crawford about the name of his business.

3. On or about Friday, August 21, 2015, Crawford observed Defendant Tom Jordan, the mayor of West Frankfort, repeatedly drive by Crawford's business, drive around the block, and then drive by the business, looking at the sign at each pass. Minutes afterwards, Mayor Jordan called Crawford's mobile phone. Mayor Jordan told Crawford that "Azz" was a curse word, that they lived in a Christian city, and that with a new Christian college in town, he did not want people coming into town seeing that sign. Mayor Jordan told Crawford the sign was the first thing people would see when they

came off the interstate and that the sign was an eyesore. Mayor Jordan told Crawford to take down the sign. Mayor Jordan said that, if Crawford did not take the sign down, the city would not approve it and would fine him for it. Mayor Jordan asked Crawford to come to the West Frankfort City Council meeting that Tuesday night.

4. After receiving the telephone call from Mayor Jordan, Crawford received a telephone call that same day from West Frankfort Commissioner Tara Chambers. Commissioner Chambers said the city wanted to work with Crawford about changing the name of his business, but that if Crawford did not change it, then he would not receive a permit from the city for the sign.

5. After the telephone call from Commissioner Chambers, a West Frankfort city police officer entered Crawford's business and served him with a Code And Ordinance Violation Notice issued by Hammonds. The notice cited the City's signs ordinances, stating in pertinent part, "REFUSES TO REMOVE SIGN," "NO SIGN PERMIT APPROVED," and "CONTAINS OFFENSIVE WORDS." The notice stated that the applicable fine was $200 and "**MUST BE PAID WITHIN 30 DAYS TO AVOID ANY FURTHER ACTION.**" (emphasis in original).

6. Crawford attended the West Frankfort City Council meeting on the following Tuesday, August 25, 2015. At the meeting, Mayor Jordan said that, until Crawford paid the violation fine, the City would not consider Crawford's sign permit. However, Mayor Jordan also indicated that the City would not approve a permit for Crawford's sign based upon the name of his business.

7. As a result of the City's actions, Crawford removed his business sign.

8. Without his business sign, potential customers were unaware of the location, existence, and nature of Crawford's business.

9. As a result of the compelled removal of his sign, Crawford's new business saw its foot traffic and sales fall dramatically.

10. In November 2015, an Illinois Secretary of State investigator cited Crawford's business for violation of Established Place of Business regulations, including a regulation requiring the existence of a sign bearing the name of the dealership which is visible from the highway and leads to the business.

11. Crawford last paid rent on the property in March 2016, and he surrendered it to the landlord at the end of April 2016, when his business ultimately closed.

12. The Illinois Secretary of State ultimately revoked Crawford's dealer's license.

13. As a result of the closure, Crawford lost approximately Forty Thousand Dollars ($40,000) that he had invested in the business.

14. Crawford's sign did not violate the ordinances cited by the Defendant City of West Frankfort; furthermore, the cited ordinances are unconstitutional, as they are impermissibly vague and give City officials unfettered discretion as to their application, in violation of the First Amendment of the United States Constitution.

15. The Defendants' actions constituted a prior restraint on free speech based upon its content that was not narrowly tailored to further a compelling governmental interest, in violation of the First Amendment of the United States Constitution.

16. Alternatively, the Defendants' restriction on the Plaintiff's use of a sign bearing the name of his business did not directly advance a substantial governmental

interest in a manner no more extensive than necessary to serve that interest, in violation of the Plaintiff's free speech rights under the First Amendment of the U.S. Constitution.

17. The actions of Defendants Jordan, Chambers, Hammonds, and the City of West Frankfort proximately caused the deprivation of Plaintiff's free speech rights under the First Amendment to the United States Constitution by prohibiting the use of the business name Haulin' Azz Trailers on his business sign and causing Crawford to suffer damage to his business.

18. Through their conduct as set forth above, Defendants Jordan, Chambers, and Hammonds acted under color of law by using or misusing their authority because of their official positions.

19. Through their conduct as set forth above, Defendants Jordan, Chambers, and Hammonds acted with callous disregard and with reckless indifference of Crawford's First Amendment free speech rights.

## IV.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, JOEY LEE CRAWFORD, prays that this honorable Court enter judgment, in an amount to be proved at trial, for all sums that may be adjudged against Defendants TOM JORDAN, TARA CHAMBERS, ED HAMMONDS, and CITY OF WEST FRANKFORT in the Plaintiff's favor, including compensatory damages against all Defendants in excess of $40,000; punitive damages against Defendants Jordan, Chambers, and Hammonds; and for such injunctive, declaratory, or other relief as may be appropriate, including attorney's fees, interest, and costs of this action as authorized by 42 U.S.C. § 1988.

PLAINTIFF DEMANDS TRIAL BY JURY

DATED: August 21, 2017

       Respectfully submitted,

       JOEY LEE CRAWFORD,

       Plaintiff,

By: **s/Scott B. Sievers**
    Scott B. Sievers
    Scott B. Sievers, P.C.
    Lead Counsel for Plaintiff
    920 South Spring Street
    Springfield, Illinois 62704
    Telephone: (217) 717-8022
    Facsimile: (217) 717-8023
    E-mail: scott@scottsieverslaw.com
    Illinois Bar No. 6275924